**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 28 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

RAYMOND HICKMAN,

    Defendant-Appellant.

No. 96-6326
(D.C. No. CR-93-175-R)
(W. Dist. Okla.)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **PORFILIO** and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Raymond Hickman was convicted of conspiracy to possess with intent to distribute cocaine powder and/or cocaine base, as well as several substantive

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

counts. In imposing Mr. Hickman's original sentence of life imprisonment, the district court ruled that Mr. Hickman was subject to a three-level enhancement under U.S.S.G. § 3B1.1(b) for his managerial role in the drug conspiracy. On appeal, we remanded with directions that the district court make specific findings to support its conclusion that Mr. Hickman was a manager. See United States v. Ivy, 83 F.3d 1266, 1291-92 (10th Cir.), cert. denied, 117 S. Ct. 253 (1996). On resentencing, the district court again imposed a three-level enhancement. Mr. Hickman appeals and we again reverse.

The facts describing the large-scale drug conspiracy of which Mr. Hickman was a part are set out in our first appeal and will not be repeated here. It is sufficient to state that Mr. Hickman was at least a distributor or middleman in the conspiracy, shuttling drugs and money between the street dealers and the leader of the conspiracy, Samuel Earl Norwood, who was Mr. Hickman's half-brother. In imposing the original sentence, "the district court stated simply that 'there were many more members than five that were actively involved with this defendant as a manager.'" Id. at 1292. We held that statement insufficient under United States v. Wacker, 72 F.3d 1453, 1477 (10th Cir. 1995), cert. denied, 117 S. Ct. 136 (1996). In Wacker, we held that the district court must make "findings, not conclusions." 72 F.3d at 1477 (emphasis added). On remand, the court again ruled that Mr. Hickman was a manager, stating:

He got the drugs to them and fronted the drugs to these individuals and then got back from them the profits from the fronted drugs and dictated how that would be handled to these street-level distributors, and, in effect, managed what they did by distributing and collecting and dictating where those meetings would take place, and I'm satisfied that he did manage those individuals and should therefore receive an enhancement of three points.

Rec., vol. II at 11.

The court thus based its enhancement on its findings that Mr. Hickman was a middleman who distributed and fronted drugs and arranged the meetings at which the transfers of drugs and money took place. Although we review the district court's findings as to the role in the offense for clear error, we review de novo the court's application of the guidelines to the facts. Wacker, 72 F.3d at 1476. The government bears the burden of persuading the district court of the propriety of applying a guideline that enhances a defendant's sentence. United States v. Torres, 53 F.3d 1129, 1142 (10th Cir.), cert. denied, 115 S. Ct. 2599 (1995). As we discuss below, the court's findings here do not establish that Mr. Hickman was subject to enhancement under section 3B1.1(b).

Section 3B1.1(b) provides for a three-level enhancement of a defendant's base offense level "[i]f the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or

was otherwise extensive." U.S.S.G. § 3B1.1(b).[1] In remanding for resentencing, we specifically cited our cases holding that a defendant's role as a distributor or middleman, without more, does not constitute evidence to support a finding that the defendant was a manager or supervisor. Ivy, 83 F.3d at 1292 (quoting United States v. Roberts, 14 F.3d 502, 524 (10th Cir. 1993)). In Roberts, we held that a "role as a person distributing, delivering, assisting in making arrangements for [drugs], and [acting] as a source of [drugs] to promote this activity" is not sufficient "evidence of *decision-making* authority or control over a subordinate necessary to conclude that [the defendant] was a supervisor or manager." 14 F.3d at 524 (internal quotations omitted).

We also cited a case in the first appeal indicating that Mr. Hickman's activity in fronting the drugs was insufficient. See Ivy, 83 F.3d at 1292 (citing United States v. Owens, 70 F.3d 1118, 1128-29 (10th Cir. 1995)). In Owens, we addressed whether supplying drugs on credit establishes that a defendant controlled those to whom the drugs were supplied and held that it did not. 70 F.3d at 1128-29. As we pointed out, the gravamen of this enhancement is control over others, and fronting drugs without more does not establish the distributor controlled the recipients. We pointed to the lack of evidence tending to show

---

[1] Mr. Hickman concedes that the criminal activity involved five or more participants. That element is therefore not at issue in this appeal.

-4-

indicia of control, observing that the defendant did not restrict the people to whom his customers distributed, control the locations at which his customers sold drugs, set retail prices, or receive a greater than normal share of the profits. Id. Those indicia are similarly lacking in the court's findings here.[2]

Finally, we hold that Mr. Hickman's activity in arranging the meetings at which he distributed drugs and received the proceeds is not sufficient to establish the requisite control. As we have made clear, status as a distributor or middleman does not alone show that a defendant is a supervisor or organizer. Virtually any middleman must make arrangements to distribute drugs and collect proceeds. To hold that this activity suffices would in essence allow this enhancement for any middleman, a result directly at odds with our controlling caselaw. Activity inherent in a role not otherwise indicative of supervising or organizing cannot be a basis for applying the enhancement. Accord United States v. Parmelee, 42 F.3d 387, 395 (7th Cir. 1994) (improper to enhance on basis of activity that is merely inherent in a role in the conspiracy that is not otherwise a ground for enhancement).[3]

---

[2] Although the presentence report indicated that Mr. Hickman received a greater than normal share of the profits, the government at resentencing conceded there is no evidence in the record to support the report's statement. Rec., vol. II at 7.

[3] Moreover, the facts set out in the first appeal indicate that on at least some occasions, Mr. Hickman's customers initiated the meetings at which they obtained drugs from him. See Ivy, 83 F.3d at 1273-74.

The government argues at length in its brief on appeal that the record contains copious evidence demonstrating Mr. Hickman's role as a supervisor or organizer. The short answer is that the district court did not rely on this evidence in making the findings it was directed to make to support the enhancement. In addition to the court's findings discussed above, the court did refer to its general recollection of evidence presented at trial. Rec., vol. II at 10. Generalized observations, however, do not constitute specific fact findings. Roberts, 14 F.3d at 523. As we clearly stated in remanding this case, "the district court must make specific findings and 'advanc[e] a factual basis' to support an enhancement under U.S.S.G. § 3B1.1." Ivy, 83 F.3d at 1292 (quoting Wacker, 72 F.3d at 1477). Accordingly, we must again remand for further proceedings. On remand the district court must make additional specific findings in light of this opinion if it determines that section 3B1.1(b) is applicable. **REVERSED** and **REMANDED** for resentencing.

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge